NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  GYROOR US, URBANMAX, GAODESHANGUS, GYROOR, FENGCHI-US, JIANGYOU-US, GYROSHOES, HGSM, YANJIN-US,**
*Petitioners*

---

2022-155

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of Illinois in No. 1:20-cv-04806, Judge Thomas M. Durkin.

---

## ON PETITION

---

Before HUGHES, MAYER, and STOLL, *Circuit Judges*.

PER CURIAM.

## O R D E R

GYROOR US et al. (collectively, "Gyroor"), defendants in the underlying patent infringement action, moved the district court to recuse under 28 U.S.C. § 455.  After the district court denied that motion and a subsequent request for reconsideration, Gyroor filed this petition for a writ of mandamus seeking an order requiring the district court judge to disqualify.

A party seeking mandamus must demonstrate no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (citation and internal quotation marks omitted). The court must also be satisfied that the issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004). Gyroor has failed to make such a showing in its petition.

Gyroor relies on § 455, which states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and when there is "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Gyroor's primary arguments for recusal amount to nothing more than disagreements with the court's (a) preliminary injunction rulings\*, (b) determination to initially allow an affidavit in support of a motion for attorney fees to be submitted *in camera*, and (c) order directing plaintiffs to file and serve a new preliminary injunction motion. But Supreme Court precedent explains that "judicial rulings alone almost never constitute a valid basis" for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Gyroor otherwise points to remarks made by the district court judge in a proceeding that "injunctions are often entered in this district . . . where there's an asset freeze on all of the defendants" and that "it is no secret" that there are "[c]ounterfeiters and people who infringe intellectual property market products on places like eBay or

---

\*    The defendants have pending appeals from those injunctions in Appeal Nos. 2021-2150 and 2021-2277.

Amazon." Pet. at. 19–20.  But those remarks do not establish bias under § 455.  They do not reveal an "opinion that derives from an extrajudicial source"; nor do they clearly establish "a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

August 9, 2022                              /s/ Peter R. Marksteiner
      Date                                   Peter R. Marksteiner
                                    Clerk of Court